J-S40028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONNEL LOUIS COLE, II | : | |
| | : | |
| Appellant | : | No. 602 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 13, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002059-2020

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 11, 2026**

Donnel Louis Cole, II, appeals from the judgment of sentence entered for his convictions for rape of a child and unlawful contact with a minor.[1] Cole's counsel has filed an ***Anders*** brief and an application to withdraw as counsel.[2] We affirm the judgment of sentence and grant counsel's application to withdraw.

In October 2021, Cole pleaded guilty to the above-referenced sex offenses. At the plea hearing, Cole told the court that he had taken medication but that it did not affect his understanding.

> Q [The Court]: Are you suffering from any type of mental illness?

---

[1] 18 Pa.C.S.A. §§ 3121(c) and 6318(a)(1), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

A [Cole]: Yes, Your Honor.

Q: What is that?

A: PTSD, bipolar disorder.

Q: Are you taking any medication for it?

A: Yes, Your Honor.

Q: Presently?

A: Yes, Your Honor.

Q: Does that in any way impact your ability to understand what you are doing today?

A: No, Your Honor.

Q: Are you clear minded?

A: Yes, Your Honor.

N.T., Guilty Plea Hearing, 10/13/21, at 15-16. The court conducted an oral colloquy with Cole wherein he acknowledged that he understood the terms of his guilty plea including that he was pleading to rape of a child and unlawful contact with a minor. *Id.* at 3. Cole also completed a written guilty plea colloquy. *See* Written Guilty Plea Colloquy, filed 10/13/21. The court sentenced him to a term of seven to 15 years' incarceration followed by a consecutive term of five years of reporting probation. N.T., Guilty Plea Hearing at 22-23.

In July 2023, Cole filed a *pro se* Post Conviction Relief Act ("PCRA") petition claiming ineffective assistance of counsel and challenging his guilty plea. *See* PCRA Petition, filed 7/13/23, at 2. The court appointed counsel and held a hearing. At the hearing, the court stated that though the Sexual Offender Assessment Board did not determine that Cole was a sexually violent

predator ("SVP"), the Commonwealth did not give this information to the court. **See** N.T., PCRA Hearing, 11/20/23, at 3. The court also explained that since there was no determination of his SVP status, his sentence was not final. **Id.** at 4. As such, the court did not address the PCRA claims and dismissed the petition as premature. The court concluded that Cole's judgment of sentence had become final as of the date of the hearing and informed Cole of his post-sentence and direct appeal rights. **See** Order, 11/20/23. Cole filed a post-sentence motion challenging his guilty plea. The court denied the motion and this timely appeal followed.[3]

Counsel's **Anders** brief identifies four potential issues: 1) the validity of Cole's guilty plea; 2) whether the trial court had jurisdiction; 3) the legality of Cole's sentence; and 4) the effectiveness of plea counsel. **See Anders** Br. at 13.

Before reviewing counsel's **Anders** brief, we must first determine whether counsel has satisfied the necessary requirements to withdraw as

_____

[3] Cole's first appellate counsel filed a deficient **Anders** brief, and this Court ordered counsel to file an amended **Anders** brief. Order, filed 1/10/25. Due to a lack of response from counsel, we remanded the case for the court to appoint new counsel. Order, filed 2/25/25. New counsel's brief was not acceptable as either an **Anders** brief or an advocate's brief. As such, we ordered counsel to file a compliant **Anders** brief or a proper advocate's brief. Order, filed 8/19/25. Counsel failed to comply with this Court's order, and we remanded the case for the removal of counsel and the appointment of new counsel. Order, filed 10/22/25. New counsel filed the instant **Anders** brief.

counsel. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). When filing an *Anders* brief, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa.Super. 2006) (citation omitted).

> Additionally, the *Anders* brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). If we determine that counsel has satisfied the requirements, we then conduct "an independent review of the . . . entire record for any non-frivolous issues." *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015).

Here, counsel has met the procedural requirements to withdraw under *Anders*. Her *Anders* brief includes a summary of the procedural history and

facts with citations to the record. She also identifies four issues that could arguably support the appeal. Counsel sets forth her conclusion and reasons for determining that the appeal is frivolous, citing the record and controlling case law. Additionally, counsel sent Cole a copy of the **Anders** brief and advised him of his right to retain private counsel or proceed *pro se* to raise any issues he deemed worthy of this Court's attention. Cole filed a response with this Court asserting his innocence and that he was "inebriated" from the Seroquel prescribed to him for his post-traumatic stress disorder. **See** *Pro Se* Response to **Anders** Brief, filed 4/6/26. We now review the issues raised in counsel's brief, which all relate to Cole's guilty plea.

Counsel's first issue relates to the validity of Cole's guilty plea. She notes that Cole claims, similar to what he raised in his response to the **Anders** brief, that his guilty plea "was not knowing, intelligent, or voluntary because he was under the influence of 700 ml of Seroquel and lacked comprehension of the distinction between a guilty plea and a 'deal.'" **Anders** Br. at 27.

After entering a guilty plea, "a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468 (Pa.Super. 2017). When reviewing a challenge to the validity of a guilty plea, we "examine the totality of the circumstances surrounding the plea." **Commonwealth v. Hart**, 174 A.3d 660, 664–65 (Pa.Super. 2017). A valid plea is one that a defendant enters knowingly, intelligently, and

voluntarily. ***See Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003).

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa.Super. 2015) (citation omitted). "[A] defendant is bound by the statements which he makes during his plea colloquy," and if he pled guilty a court will presume that he "was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa.Super. 2018) (citation omitted); ***Commonwealth v. Hart***, 174 A.3d 660, 665 (Pa.Super. 2017) (citation omitted).

Upon review of the record, counsel determined that all six factors were satisfied regarding Cole's written and oral plea colloquy and there was no basis on which to challenge the plea. We agree.

The court completed an oral colloquy with Cole where he agreed that he understood the nature and factual basis for the charges, his right to a jury trial and his presumption of innocence, as well as the sentencing ranges and that the court could deviate from any recommended sentences by the parties. ***See*** N.T., Guilty Plea Hearing at 4-16. He specifically affirmed to the court that he understood the ramifications of his decision to plead guilty and understood what "negotiated" meant. ***Id.*** at 18. Furthermore, the court

inquired whether Cole suffered from any mental health illness. *Id.* at 15-16. Cole explained that he took medication for PTSD and bipolar disorder but that he was clearheaded and the medicine did not impact his ability to understand. *Id.* at 16. Cole is bound by these statements. *Jabbie*, 200 A.3d at 506. Moreover, Cole completed a written colloquy where he again affirmed that he took medication but that he understood what he was doing and it did not affect his ability to understand the proceedings. *See* Written Guilty Plea Colloquy at ¶¶ 10-12. His challenge to the validity of the plea is therefore frivolous.

Counsel's next issue addresses whether the trial court had subject matter jurisdiction of the case. Any challenge to a court's subject matter jurisdiction presents a question of law and, therefore, our review is *de novo*. *See Commonwealth v. Jones*, 929 A.2d 205, 211 (Pa. 2007). A court's subject matter jurisdiction relates to its competency "to hear and determine controversies of the general class to which the case presented for consideration belongs." *Id.* (citation omitted). It is widely held that "all [C]ourts of [C]ommon [P]leas have statewide subject matter jurisdiction in cases arising under the Crimes Code." *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003).

Here, it is uncontested that Cole committed crimes under the Pennsylvania Crimes Code, and his case proceeded in the Court of Common Pleas. As such, any challenge to the jurisdiction of the court is frivolous. *See id.*

Next, counsel raises a claim regarding the legality of Cole's sentence and his sex offender registration requirement. Our "standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Ramos***, 197 A.3d 766, 769 (Pa.Super. 2018) (citation omitted).

Counsel finds this issue frivolous because the court imposed a sentence below the statutory maximum. Counsel also points out that that Cole's designation as a Tier III offender required lifetime registration.

This issue is frivolous. The court imposed a term of seven to 15 years' incarceration, followed by five years' probation. This sentence was below the statutory maximum. Furthermore, considering Cole's convictions for rape of a child and unlawful contact with a minor, he classified as a Tier III offender, which requires lifetime registration as a sex offender. ***See*** 42 Pa.C.S.A. §§ 9799.14(d), 9799.55(b).

The final issue counsel raises relates to the effectiveness of plea counsel. Counsel finds this issue frivolous considering the general rule that claims of ineffective assistance of counsel may not be raised on direct appeal. Counsel finds that while there are exceptions to this general rule, Cole's claim does not meet any of the exceptions.

As counsel states, claims of ineffective assistance of trial counsel should be deferred to collateral review unless there is an applicable exception. ***See Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). These exceptions are:

1) "where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;"

2) "where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, . . . but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA"; or

3) where the defendant is statutorily precluded from obtaining subsequent PCRA review.

*See id.* at 563, 564 (footnote omitted); ***Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018). Here, none of the above exceptions apply.

We thus conclude that all of the instant claims are frivolous for purposes of direct appeal. Upon our independent review of the record, we have determined that there are no non-frivolous issues. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/11/2026